UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br>Petitioner,<br>vs.<br>STATE OF SOUTH DAKOTA,<br>Respondent. | 4:24-CV-04208-RAL<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on Matthew Carter's *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Docket No. 1. Mr. Carter seeks (1) acquittal; (2) vacatur of his sentence and dismissal of his criminal complaint with prejudice; (3) a new trial that meets his various criteria; and (4) return of his property. Id. at 34–36. Respondent, the State of South Dakota,[1] argues Mr. Carter's petition combines claims exhausted and

[1] The proper respondent to a petition for writ of habeas corpus "is the warden of the facility where the prisoner is being held." Delehoy v. South Dakota, 4:23-CV-04147-KES, 2023 WL 11910650, at *3 (D.S.D. Dec. 29, 2023), adopted as modified, 2024 WL 3937160 (D.S.D. Aug. 23, 2024) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)). A state is an improper respondent because it "has sovereign immunity from suit in a federal court." Id. (quoting Bridges v. Chambers, 425 F.3d 1048, 1050 (7th Cir. 2005)). This court has held that a state attorney general waives his status as improper respondent by not raising the issue. See, e.g., McPeek v. Att'y Gen., 4:23-CV-04199-RAL, 2024 WL 5227395, at *1 n.1 (D.S.D. July 1, 2024), adopted, 2024

unexhausted at the state level. See generally Docket No. 12. Respondent suggests dismissal without prejudice is appropriate to allow Mr. Carter to first seek redress of all claims in state court. Id. at 6. The matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.S.D. L.R. CIV 72.1(A)(2)(b).[2]

## FACTS AND PROCEDURAL POSTURE[3]

On February 4, 2022, Matthew Carter was convicted in a South Dakota state court of one count of first-degree rape, in violation of SDCL § 22-22-1(1).

---

WL 5226553 (D.S.D. Dec. 26, 2024). A state may also waive its sovereign immunity through its conduct. Hankins v. Finnel, 964 F.2d 853, 856 (8th Cir. 1992) (citation omitted). Because the State of South Dakota responded to this court's order to show cause without invoking sovereign immunity, see generally Docket No. 12, the court considers any argument as to proper respondent or sovereign immunity waived. For purposes of this matter, the State of South Dakota proceeds in the place of the warden of South Dakota State Penitentiary, where Mr. Carter is housed. See Docket No. 13 at 3.

[2] Mr. Carter filed a notice withholding "consent to having a Magistrate Judge or the Honorable Judge Veronica Duffy conduct any proceedings, screenings, orders, or anything in this case." Docket No. 10 (emphasis removed). But it is statute, not Mr. Carter's consent, that empowers this court to issue this report and recommendation. See 28 U.S.C. § 636(b)(1)(B); see also Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989) (No consent needed for magistrate to make findings and recommendations).

[3] Pursuant to Federal Rule of Evidence 201(a)–(d), the court takes judicial notice of the court records from Mr. Carter's state criminal case, South Dakota Supreme Court cases, and federal cases. See Cullen v. Pinholster, 563 U.S. 170, 181–82 (2011) (finding review under § 2254(d)(1) requires review of the state court record). Respondent requested that the court take such notice. Docket No. 12 at 1 n.1. If Mr. Carter objects, he may lodge his objection and reasoning with the district court. See Berry v. Fluke, No. 4:19-CV-04188-RAL, 2020 WL 6445848, at *1 n.1. (D.S.D. Nov. 3, 2020).

Criminal Record[4] at 59, 3020, 3112. Mr. Carter was sentenced to 45 years' incarceration, with 25 years suspended. Id. at 3152.

On appeal, Mr. Carter raised five claims before the South Dakota Supreme Court:

(1) Whether the Trial Court erred when it allowed the State to publish to the jury three (3) short videos of child pornography?

(2) Whether the Trial Court erred when it refused to allow Defendant's expert the opportunity to testify as to the reliability of the NAAT testing when the packaging specifically states that testing must be repeated for accuracy?

(3) Whether the Trial Court erred in allowing the unsworn statements of a five (5) year old girl into evidence when it refused to allow Matthew's attorney to cross-examine her before the jury?

(4) Whether the Trial Court abused its discretion by failing to grant Matthew's Motion for Acquittal at the close of the trial when the State presented no evidence sufficient to establish the elements of rape in the first degree?

(5) Whether Matthew's trial attorney was so ineffective in her representation of Matthew that he was denied his due process right to counsel?

Appeal Record at 63–64.

During the pendency of this appeal, Mr. Carter filed his first § 2254 petition with this court, which the district court dismissed for failure to

[4] Citations to Mr. Carter's state court criminal record, State v. Carter, 66CRI21-000016 (S.D. 1st Cir., Yankton Cnty.) will be cited as "Criminal Record." Mr. Carter's state court criminal appeal record, State v. Carter, 30048 (S.D.) will be cited as "Appeal Record." Mr. Carter's habeas record at the South Dakota Supreme Court, Carter v. South Dakota, 30785 (S.D.) will be cited as "Habeas Record."

exhaust state remedies. See generally Carter v. South Dakota, No. 4:23-CV-04037-RAL, 2023 WL 7530775 (D.S.D. Nov. 13, 2023).

The South Dakota Supreme Court restated Mr. Carter's claims on appeal as:

(1) Whether the circuit court abused its discretion when it allowed the State to publish to the jury three short videos of child pornography.

(2) Whether the circuit court abused its discretion when it refused to allow Carter's expert the opportunity to testify as to the reliability of the NAAT testing.

(3) Whether the circuit court's decision to admit E.W.'s unsworn statements was an abuse of discretion and violated Carter's right of confrontation.

(4) Whether the circuit court erred by denying Carter's motion for judgment of acquittal on the grounds of insufficient evidence.

(5) Whether Carter's trial counsel was so ineffective that Carter was denied his due process right to counsel.

State v. Carter, 1 N.W.3d 674, 685 (S.D. 2023). The court affirmed Mr. Carter's conviction but declined to address his ineffective assistance claim in a reasoned opinion filed on December 28, 2023. See generally id.

On January 4, 2024, Mr. Carter filed in his criminal case a "Motion for a Return of Property Illegally Seized," which listed various items whose return he demanded. Criminal Record at 3324–37. The State responded with a list of the five items seized from Mr. Carter. Id. at 3352. The first two—both hard drives—contained child pornography and were "ordered to be forfeited by the Federal District Court." Id. The third was a "[b]lack digital video camera and

memory stick," which the State planned to submit a proposed order of release to Mr. Carter. Id. The fourth item—an iPhone—"was returned to [Mr. Carter's] trial attorney." Id. The State suggested the fifth item, a "Xiaomi phone . . . used in both the State rape and Federal child pornography[5] trials" should be retained until the question of a new trial is settled in Mr. Carter's state and federal habeas matters. Id. Considering various motions and petitions filed by, or intended to be filed by Mr. Carter, the state court judge determined the proper action was retention of the remaining seized property until such proceedings completed. Cf. id. at 3413.

On January 8, 2024, Mr. Carter filed in his state criminal case a "Request for and/or Motion for a Certificate of Probable Cause to Obtain Habeas Corpus Reliefs Within the State of South Dakota (21-27-18.1)." Id. at 3339. The state criminal court issued an order on January 22, 2024, explaining, "Under South Dakota law, an application for writ of habeas corpus must be filed by Mr. Carter in a new civil action brought in Yankton County, not in this criminal case." Id. at 3412. On February 14, 2024, Mr. Carter filed, again in his criminal case, a motion to reconsider his motion for certificate of probable cause. Id. at 3429. Mr. Carter expressed a belief that he could not "proceed to [his] stupid State Habeas without one." Id. In another order dated March 11, 2024, the state court again explained to Mr. Carter:

---

5 See United States v. Carter, No. 22-1823, 2022 WL 3867685 (8th Cir. Aug. 30, 2022) (*per curiam*).

> While Mr. Carter has the right to file an application for writ of habeas corpus in state court, which application must comply with SDCL 21-27-3 and other applicable South Dakota law, such application would be filed as part of a new and separate civil case in Yankton County. Mr. Carter must file, in state court, an application for writ of habeas corpus, and then, depending on the court's ruling in that separate civil case, Mr. Carter can then request a certificate of probable cause pursuant to SDCL 21-27-18.1. Mr. Carter's request to have the court in this criminal case issue a certificate of probable cause is frivolous as he has not submitted a habeas corpus application in state court.

Id. at 3438–39.

Rather than following those instructions, on August 16, 2024, Mr. Carter filed a petition for writ of habeas corpus directly with the South Dakota Supreme Court. See Habeas Record at 3. On September 6, 2024, that court entered an order declining to exercise original jurisdiction over the matter. Id. at 685.

On November 7, 2024, Mr. Carter filed the petition in this matter. Docket No. 1. Mr. Carter alleged on the first page of his petition that he had "given th[e] State a full and fair opportunity to make right the wrongs done to [him]." Id. at 1 (emphasis removed). This court ordered the parties to show cause why Mr. Carter's petition should not be dismissed for failure to exhaust state remedies. Docket No. 6.

In his response to that order, Mr. Carter details the motions for certificate of probable cause that he filed with the state criminal court,[6] as well

[6] Mr. Carter incorrectly alleges that the state criminal court granted his motion for certificate of probable cause. Docket No. 9 at 2.

as the habeas petition he filed directly with the South Dakota Supreme Court. Docket No. 9 at 2–3. In the State's response, it argues Mr. Carter "has not properly sought state habeas corpus relief," and therefore most of his claims remain unexhausted. Docket No. 12 at 1.

## DISCUSSION

### A. Whether Mr. Carter's Claims are Exhausted

"A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254." McPeek v. Att'y Gen., 4:23-CV-04199-RAL, 2024 WL 5227395, at *6 (D.S.D. July 1, 2024), adopted, 2024 WL 5226553 (D.S.D. Dec. 26, 2024). But "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." Carter, 2023 WL 7530775, at *1 (citing 28 U.S.C. § 2254(b)). This exhaustion requirement is a matter of comity; "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Rose v. Lundy, 455 U.S. 509, 516–18 (1982) (quotation omitted). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). Claims raised on direct appeal and decided on the merits are exhausted. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "A petitioner has not exhausted state court remedies if he 'has the right

under the law of the State to raise, by any available procedure, the question presented." Carter, 2023 WL 7530775, at *1 (quoting 28 U.S.C. § 2254(c)).

Here, only a small fraction of the 28 claims Mr. Carter brings in his federal petition were exhausted in Mr. Carter's direct appeal. See generally Docket No. 1 at 28-34; Carter, 1 N.W.3d at 685. By failing to properly bring the remaining claims in a state habeas petition, Mr. Carter has deprived South Dakota of "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Carter, 2023 WL 7530775, at *1 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). The State argues as much, offering a table listing Mr. Carter's claims and explaining their exhaustion status. See Docket No. 12-2 at 1–10. The court agrees that Mr. Carter has presented a "mixed petition" of exhausted and unexhausted claims. See, e.g., Docket No. 1 at 29 (Mr. Carter raising Confrontation Clause issue); Carter, 1 N.W. 3d at 685, 694–95 (same); Docket No. 1 at 31 (Mr. Carter raising speedy trial argument); Appeal Record at 63–64 (no speedy trial argument brought on appeal).

Mr. Carter invokes SDCL § 21-27-1, which states, "Any person committed or detained, imprisoned or restrained of his liberty, under any color or pretense whatever, civil or criminal, except as provided herein, may apply to the Supreme or circuit court, or any justice or judge thereof, for a writ of habeas corpus." Mr. Carter states, "I guess I just took this as I could apply to either, 'the Supreme or circuit court, or any justice or judge thereof, for a writ

of habeas corpus.' " Docket No. 9 at 3. That would be a fair reading of the statute if it existed in a vacuum. But the statute reminds the reader that its instruction is excepted "as provided herein." And therein, in Chapter 27 of the South Dakota Codified Laws, the proper court is narrowed by SDCL § 21-27-14.1, which states, "The application shall be heard before any judge of the court in which the conviction took place." For Mr. Carter's purposes, that is the court in Yankton County.

As the government acknowledges, because Mr. Carter's petition contains both exhausted and unexhausted claims, the district court has discretion to grant a stay and abeyance while he exhausts state remedies. Docket No. 12 at 5–6; see Rhines v. Weber, 544 U.S. 269, 277–78 (2005). The court may consider a stay and abeyance if: (1) Mr. Carter had good cause for failing to exhaust his claims; (2) Mr. Carter's claims are not "plainly meritless"; and (3) Mr. Carter has not "engage[d] in abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277–78.

The court considers Rhines' first threshold unmet such that entertaining a motion for stay would be futile. Mr. Carter was instructed twice by the state criminal court to file his petition as a civil habeas proceeding in Yankton County. Rather than following the instruction the first time, he moved the criminal court for reconsideration, stating, "Obviously, you do not know SD Laws or any federal rights, but without this 'issuance' I cannot pursue your retarded State's Habeas Corpus procedures." Criminal Record at 3429. Rather

than following the instruction the second time, he filed directly with the South Dakota Supreme Court. These acts do not demonstrate good cause warranting a stay and abeyance.

With no stay, the court must consider whether "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544 U.S. at 278. If yes, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." Id. With roughly two months[7] remaining before Mr. Carter loses his right to federal relief, the question is close so that the court recommends providing Mr. Carter a choice—amend his petition to include only those claims exhausted through appeal,[8] or choose dismissal and seek relief on all 28 claims by filing a habeas petition in a Yankton County civil court. Mr. Carter will make his choice by filing an amended petition (or not) within thirty days of the district court's order.

[7] Mr. Carter's one-year deadline for federal habeas relief is March 28, 2025. See 28 U.S.C. § 2244(d)(1)(A); South Dakota v. Carter, 1 N.W.3d 674 (S.D. 2023); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998); SUP. CT. R. 13. Should Mr. Carter properly file his habeas petition in state court before that deadline, the deadline will toll while the state petition is pending. 28 U.S.C. § 2244(d)(2).

[8] Mr. Carter is reminded that only the first four issues he brought on appeal are exhausted. His ineffective assistance of counsel claims are not exhausted because the South Dakota Supreme Court did not reach the merits of those claims on appeal. See Carter, 1 N.W.3d at 696–97; Satter, 977 F.2d at 1262.

### B. Mr. Carter's Miscellaneous Motions

#### 1. Motion for 90-Day Extension for All Filings

Mr. Carter moves the court for an automatic 90-day extension for all responses he must make. Docket No. 8. If Mr. Carter wishes to file his habeas petition in state court before his one-year federal deadline, he must act sooner than 90 days or risk losing his right to seek federal habeas relief later. The court recommends denying this motion to encourage Mr. Carter to act diligently.

#### 2. Motion for Judgment of Acquittal and Certificate of Acquittal / Motion to Dismiss This Entire (66CRI21-16) Case With Prejudice

Mr. Carter moves the court for a judgment of acquittal and certificate of acquittal. Docket No. 13. As the district court already explained, it "has no authority to order . . . acquittal in a state court criminal proceeding." Carter, 2023 WL 7530775, at *3. The court recommends denying the motion. The district court similarly has no authority to dismiss Mr. Carter's state criminal case, as he requests in his motion at Docket No. 14. The court recommends denying that motion as well.

#### 3. Motion for Immediate Release

Mr. Carter moves for his immediate release based on his showing of factual innocence. Docket No. 15. The motion is premature, as the court has not yet evaluated Mr. Carter's claims on the merits. Should Mr. Carter file an

amended petition in this case, or a future petition in a new case after exhaustion of his state remedies, Mr. Carter is encouraged to include any relief he seeks in such a petition. In the interim, the court recommends denying this motion.

**4. Motion for Summary Judgment**

Finally, Mr. Carter moves the court for summary judgment. Docket No. 16. Such a motion is cognizable in a habeas matter to the extent it does not conflict with statute or the Rules Governing Section 2254 Proceedings. See Section 2254 Rule 12. But here, a statutory conflict does exist, because Mr. Carter must exhaust his claims before the court can provide relief on the merits of his petition. 28 U.S.C. § 2254(b)–(c). Absent that exhaustion, any dispositive motions he files remain inapplicable to the proceeding. Section 2254 Rule 12. The court recommends denying the motion.

## CONCLUSION

Based on the facts, law, and analysis discussed above, this magistrate judge respectfully recommends ordering Mr. Carter—if he wishes to proceed in federal court on only his exhausted claims—to file an amended petition, within thirty days of the district court's order, containing only those claims exhausted on appeal. By not filing an amended petition within thirty days, Mr. Carter will indicate to the court that he wishes to pursue all 28 of his claims through proper state court channels, and this case will be dismissed without prejudice.

The court recommends denying Mr. Carter's remaining motions [Docket Nos. 8, 13, 14, 15 & 16].

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Nash v. Black, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).

DATED this 28th day of January, 2025.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge