UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>Defendant. | 4:24-CV-04208-RAL<br><br>OPINION AND ORDER ADOPTING<br>REPORT AND RECOMMENDATION |

Petitioner Matthew Carter filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 7, 2024, raising 28 individual claims for relief. Doc. 1. The matter was referred to United States Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Observing that Carter provided no evidence showing that he exhausted any of his 28 claims in state court, Judge Duffy ordered the parties to show cause why Carter's petition should not be dismissed for failure to exhaust his claims in state court. Doc. 6. Carter responded by pointing to motions for certificate of probable cause that he filed with the state criminal court and the habeas petition he filed directly with the Supreme Court of South Dakota. Doc. 9. The Government responded by asserting Carter's petition was a "mixed petition," containing both exhausted and unexhausted claims. Doc. 12.

1

Judge Duffy screened the petition and issued a Report and Recommendation finding that only a few of the 28 claims Carter raised in his petition were exhausted and concluded that Carter's petition was a "mixed petition." Doc. 20. The Report and Recommendation also observed that Carter's one-year deadline for timely filing for habeas relief under 28 U.S.C. § 2244(d)(1)(A) is March 28, 2025. Because his deadline was fast-approaching, Judge Duffy recommended giving Carter a choice: allow Carter to "amend his petition to include only those claims exhausted through appeal, or choose dismissal and seek relief on all 28 claims by filing a habeas petition in a Yankton County civil court." Id. at 10. Filing such a state court petition before March 28, 2025, would toll his one-year limitation period under § 2244(d)(1)(A). Judge Duffy also recommended giving Carter thirty days from the filing of this order to file an amended petition if he wished to purge his petition of unexhausted claims and pursue only his exhausted claims.

Carter made several additional filings, including a motion for 90-day extension of time to make all necessary responses, Doc. 8, motion for judgment of acquittal and certificate of acquittal, Doc. 13, motion to dismiss Carter's state criminal case, Doc. 14, motion for immediate release from state custody, Doc. 15, and motion for summary judgment, Doc. 16. Judge Duffy recommended denying each motion. Doc. 20. On February 13, 2025, Carter filed an objection to the Report and Recommendation. Doc. 21. Carter objects to the entire Report and Recommendation solely on the basis that he did not consent to have Judge Duffy review his petition. For the following reasons, this Court overrules Carter's objection and adopts the Report and Recommendation.

## I. Factual and Procedural Background

A grand jury in Yankton County returned a superseding indictment charging Carter with one count of Rape in the First Degree-Less than 13, in violation of SDCL § 22-22-1(1)). Doc. 12

at 2. A jury found Carter guilty, and the circuit court sentenced Carter to a term of imprisonment in the South Dakota State Penitentiary of forty-five years, with twenty-five years of the sentence suspended. Id. at 3. Carter appealed his judgment of conviction and sentence to the Supreme Court of South Dakota. Id. On appeal, Carter raised five claims which he styled as:

1. Whether the Trial Court erred when it allowed the State to publish to the jury three (3) short videos of child pornography?
2. Whether the Trial Court erred when it refused to allow Defendant's expert the opportunity to testify as to the reliability of the NAAT[1] testing when the packaging specifically states that testing must be repeated for accuracy?
3. Whether the Trial Court erred in allowing the unsworn statements of a five (5) year old girl into evidence when it refused to allow Matthew's attorney to cross-examine her before the jury?
4. Whether the Trial Court abused its discretion by failing to grant Matthew's Motion for Acquittal at the close of the trial when the State presented no evidence sufficient to establish the elements of rape in the first degree?
5. Whether Matthew's trial attorney was so ineffective in her representation of Matthew that he was denied his due process right to counsel?

Doc. 20 at 3. During the pendency of his appeal, Carter filed a § 2254 petition with this Court, which this Court dismissed for failure to exhaust state remedies. Carter v. South Dakota, No. 4:23-cv- 04037, 2023 WL 7530775 (D.S.D. Nov. 13, 2023). On December 28, 2023, the Supreme Court of South Dakota affirmed Carter's conviction. State v. Carter, 1 N.W.3d 674, 681 (S.D. 2023). The Supreme Court of South Dakota addressed four of Carter's five claims but declined to address the ineffective assistance of counsel claim. Id. at 697 ("Ineffective-assistance-of-counsel claims are generally not considered on direct appeal." (citation omitted)). Carter then sought habeas relief by filing an original action with the Supreme Court of South Dakota. Doc. 12 at 3. The Supreme Court of South Dakota declined to exercise original jurisdiction over the matter. Id. Carter

---

[1] Nucleic acid amplification testing is a common method for detecting gonorrhea. See Charlotte A. Gaydos, Nucleic Acid Amplification Tests for Gonorrhea and Chlamydia: Practice and Applications, 19 Infectious Disease Clinics N. Am. 367 (2005).

apparently has not sought habeas relief in South Dakota state circuit court. Carter then filed the present action on November 7, 2024. Doc. 1.

## II. Legal Standard

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). This Court has conducted a de novo review of the record, and for the reasons explained below, this Court adopts the Report and Recommendation.

## III. Discussion

### A. Carter's Objection

Carter's sole objection to the Report and Recommendation is that he did not consent to have Judge Duffy review his petition. "[A] judge may . . . designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of applications for posttrial relief made by individuals convicted of criminal offenses . . . ." 28 U.S.C. § 636(b)(1)(B). "[W]hen [§ 636(b)(1)(B)] is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of *all* prisoner petitions to a magistrate [judge]." McCarthy v. Bronson, 500 U.S. 136, 139 (1991). Under Local Rule of Practice 72.1.A.2(b), the District of South Dakota has designated to magistrate judges the duty of

submitting proposed findings and a recommendation for the disposition of "applications for posttrial relief made by individuals convicted of criminal offenses." Such a designation does not require consent from the applicants. Thus, Carter's "objection to the magistrate judge's handling of his case pursuant to 28 U.S.C. § 636(b) without his consent is meritless." Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1994). Accordingly, Carter's objection is overruled.

### B. Exhaustion and Statute of Limitations

Federal courts typically cannot consider a state prisoner's habeas claims unless the prisoner has already raised those claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Congress codified this requirement in § 2254, making state prisoners "exhaust[] the remedies available in the courts of the State" before they can obtain federal relief. 28 U.S.C. § 2254(b)(1)(A). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). Further, a federal district court may not issue a writ of habeas corpus in response to a "mixed" petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 518 (1982). Instead, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Id. at 522.

In addition to the exhaustion requirement, the Anti-terrorism and Effective Death Penalty Act (AEDPA) created a one-year statute of limitations on a state prisoner's federal habeas claims beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "Review of a state criminal conviction by the Supreme Court of the United States is considered direct review of the conviction." Smith v. Bowersox, 159 F.3d 345, 347 (1998). If a petition for writ of certiorari to the Supreme Court of the United States was not sought, the running of the limitation period begins

at "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Id. at 348. A petition for writ of certiorari must be filed within 90 days after entry of judgment by a state's highest court. Sup. Ct. R. 13. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Prior to the passage of AEDPA, district courts were required to dismiss any mixed petitions such as the one Carter filed. Lundy, 455 U.S. at 522. "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). To avoid the risk of a petitioner losing an opportunity for federal review of claims in a timely filed petition due to delay in the district court determining what claims are unexhausted, the Supreme Court recognized an exception to the Lundy rule which allows federal district courts to stay a mixed petition "and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Id. A district court may consider a stay and abeyance when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. If a district court "determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

Carter raised five claims on direct appeal, and the Supreme Court of South Dakota addressed four of the claims. State v. Carter, 1 N.W.3d 674 (S.D. 2023). Those four claims are exhausted. All remaining claims in Carter's petition are unexhausted. Thus, as the Report and Recommendation stated, Carter "presented a 'mixed petition' of exhausted and unexhausted claims." Doc. 20 at 8. Ordinarily, a district court must dismiss the petition under Lundy. Carter's one-year limitation period will run in nearly one month on March 28, 2025, and Carter runs the risk of losing federal habeas review entirely.[2] The Report and Recommendation recommended against granting Carter a stay and abeyance, finding Carter did not show good cause for failing to exhaust his claims. The Report and Recommendation instead recommended giving Carter a choice: "amend his petition to include only those claims exhausted through appeal, or choose dismissal and seek relief on all 28 claims by filing a habeas petition in a Yankton County civil court." Id. at 10. The Report and Recommendation instructed Carter that he could make his choice by "filing an amended petition (or not) within thirty days of the district court's order." Id. If Carter does not file an amended petition within the thirty days, this Court will dismiss this petition without prejudice. If Carter chooses dismissal and instead seeks relief by filing a habeas petition in state court before March 28, 2025, Carter's AEDPA period of limitation is tolled while the state habeas petition is pending. However, regardless of which route Carter chooses to go, he must act quickly. As of February 26, 2025, the date of the filing of this order, Carter has 30 days remaining in his one-year AEDPA period of limitation. Failure to act by March 28, 2025, will result in his habeas claims being barred from federal habeas review.

---

[2] The Supreme Court of South Dakota entered judgment in Carter's case on December 28, 2023. Carter's 90 days to file a petition for writ of certiorari expired on March 28, 2024. Thus, Carter's one-year period of limitation started on March 28, 2024, and his deadline to seek habeas relief is March 28, 2025. The filing of the federal habeas petition does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 172 (2001).

7

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 20, is adopted, and Carter's Objection, Doc. 21, is overruled. It is further

ORDERED that if Carter wishes to proceed in federal court on only his exhausted claims, that he must file an amended petition within thirty days of this Court's order, containing only those four claims exhausted on direct appeal to the Supreme Court of South Dakota. It is finally

ORDERED that if Carter does not purge his petition of unexhausted claims through filing an amended petition within thirty days, this case will be dismissed without prejudice. Carter still has 30 days from this date to file a state habeas petition to seek to exhaust his unexhausted claims.

DATED this 26th day of February, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE